23-7456
United States v. Hewitt

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of November, two thousand twenty-four.

PRESENT:
>REENA RAGGI,
>MYRNA PÉREZ,
>MARIA ARAÚJO KAHN,
>>*Circuit Judges.*

UNITED STATES OF AMERICA,

>*Appellee,*

>v.                                              No. 23-7456

SEAN HEWITT,

>*Defendant-Appellant.*

FOR APPELLEE: Amy Busa, Robert M. Pollack, Andrew D. Wang, Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

FOR DEFENDANT-APPELLANT: Michael A. Marinaccio, Law Office of Michael A. Marinaccio, White Plains, NY.

Appeal from a judgment of conviction of the United States District Court for the Eastern District of New York (Block, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment dated October 18, 2023, is **AFFIRMED**.

Defendant-Appellant Sean Hewitt was found guilty of a Hobbs Act robbery conspiracy and attempted robbery of a gas station on December 9, 2022.[1] Hewitt was principally sentenced to a 65-month term of imprisonment and two years of supervised release. Hewitt timely appealed his conviction. On appeal, Hewitt raises two evidentiary issues and one challenge to his sentence. Hewitt's arguments fail for the reasons laid out below.

---

[1] Hewitt was acquitted of the Hobbs Act robbery conspiracy and substantive robbery of a cafe on November 20, 2017.

We assume the parties' familiarity with the remaining facts, the procedural history, and issues on appeal, which we recount only as necessary to explain our decision.

## DISCUSSION

Hewitt's two evidentiary claims and his purported sentencing-related error are all belied by the record.

### I. Hewitt's Evidentiary Claims Are Contradicted by the Record

Hewitt incorrectly claims he was denied the opportunity (i) to cross-examine Police Officer David Sanon regarding certain salient aspects of Sanon's shooting of robbery accomplice William Simon that Hewitt contends would have undermined Sanon's credibility, in violation of his Confrontation Clause rights,[2] and (ii) to introduce certain extrinsic evidence in support of the same.    In support, he points us to a set of pre-trial motions in limine filed by the government.    The government had moved to preclude Hewitt from "excessively cross-examining [Sanon] about his use of force" during the fatal shooting of Simon and from "introducing [certain] materials" related to the shooting.    App'x at 25, 47.    Hewitt claims that such evidence would show that

---

[2] The Confrontation Clause of the Sixth Amendment affords defendants the right to cross-examine witnesses who testify against them.   U.S. Const. amend. VI; *see United States v. James*, 712 F.3d 79, 87 (2d Cir. 2013).   While a defendant is permitted to use cross-examination to test the "believability of a witness and the truth of his testimony," district courts are permitted to "impose reasonable limits on such cross-examination."   *United States v. Figueroa*, 548 F.3d 222, 227 (2d Cir. 2008) (internal quotation marks and citation omitted).

3

Sanon shot Simon in the back, thus tending to contradict Sanon's version of events. The district court deferred decisions on these motions until the trial.[3]

We find no error to review because Hewitt abandoned his attempts to cross-examine Sanon using the extrinsic evidence to which he now draws our attention. At trial, he did not lay a foundation for admission of the autopsy report, body diagram, or ballistics report, nor did he attempt to cross-examine Sanon based on these materials.

He tells us that the district court prevented him from eliciting impeaching testimony from Sanon when it sustained a hearsay objection to a question asking Sanon from whom he learned where Simon had been shot.[4] But Hewitt made no further attempts to elicit non-hearsay responses from Sanon about in what posture Simon was shot. And there is only one portion of the record that could be construed as an attempt to introduce one of the pieces of extrinsic evidence, the body diagram. *See* App'x at 232:2–:16. That instance occurred during the testimony of Detective Errol Bhagan, not

---

[3] At the November 3, 2022 status conference, it explained that it would "make these calls in live time during the trial based upon the testimony that's offered . . . , but presumptively we're not going to get into how the officers treated Simon." *See* App'x at 42:4–:7. It made similar remarks at the December 5, 2022 status conference, explaining that "we're going to hear the testimony of the officer, and based upon his testimony and the questions [the defendant] ask[s] I'll make my rulings in real time," *id.* at 56:12–:14; and that, as to admission of the extrinsic evidence, "we just listen to the testimony and make our rulings based upon what the witnesses testifies to," *id.* at 57:16–:17.

[4] Hewitt cites to two other portions of the record to argue that he was precluded from exploring the issue of Sanon's credibility further, but both instances relate to the cross-examination of different witnesses and neither directly relates to Sanon's credibility. *See* Appellant Br. 10–11.

4

Sanon—and Hewitt was ultimately unsuccessful because Bhagan was unable to authenticate the diagram. *See id.* at 232:12–:16. Hewitt did not make another attempt to put the contested extrinsic evidence before the jury.

We therefore conclude that the district court did not commit the errors that Hewitt identifies. Rather, Hewitt "ma[de] an intentional decision not to assert" the evidentiary issues he now raises, thus waiving them. *United States v. Williams*, 930 F.3d 44, 64–65 (2d Cir. 2019) (explaining that parties that "make[] an intentional decision not to assert" an evidentiary objection at trial waive that issue (internal quotation marks and citation omitted)); *see United States v. Yu-Leung*, 51 F.3d 1116, 1123 (2d Cir. 1995) (same).[5]

## II. Hewitt Identifies No Sentencing Error

Hewitt incorrectly claims that consideration of acquitted conduct improperly affected his sentencing.[6] The district court made no such consideration here.

At sentencing, the district court was explicit: "I'm not going to consider [the acquitted conduct] in this particular case." App'x at 620:23–:24. Hewitt argues that

---

[5] In any event, Hewitt cannot show that he was prejudiced by these rulings. Sanon testified to witnessing a robbery committed by two men. The fact of the robbery was conceded by the defense, making Sanon's credibility on this point immaterial. The only disputed point was the identity of the second robber, about which Sanon did not testify.

[6] To be clear, district courts are allowed to consider acquitted conduct where the "conduct has been proved by a preponderance of the evidence." *United States v. Watts*, 519 U.S. 148, 157 (1997); *see also United States v. Daugerdas*, 837 F.3d 212, 231 (2d Cir. 2016); *United States v. Pica*, 692 F.3d 79, 88–89 (2d Cir. 2012).

5

notwithstanding this statement, other statements by the district court indicate his acquitted conduct was considered. For example, Hewitt points to the district court's comment that he was "lucky" because a different jury might have found him guilty of two instead of just one robbery. Appellant's Br. 13. But when making this statement, the district court simultaneously highlighted that a conviction on both robberies would have "really upped the ante significantly" in terms of Hewitt's statutory and Guidelines resentencing range, and caused Hewitt "more problems" than what he was facing. App'x at 630:5–:10. This exchange at most indicates that the district court acknowledged the potential for a different sentence if Hewitt had been convicted of both robberies, not that the acquitted conduct was considered.

Hewitt identifies no error in the sentence that the district court imposed.

\*     \*     \*

We have considered Hewitt's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court